UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 2:19-CV-0015-TOR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 12 and 13). Plaintiff is represented by Dana Madsen. Defendant is represented by Justin L. Martin. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 26, 2016, Plaintiff filed an application for Title XVI supplemental security income benefits. Tr. 15, 35. The application was denied initially, Tr. 98-106, and on reconsideration, Tr. 110-16. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on January 25, 2018. Tr. 32-71. On March 23, 2018, the ALJ denied Plaintiff's claim. Tr. 15-26.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 26, 2016, the application date. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, and borderline personality disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then found Plaintiff had the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff is] able to understand, remember, and carry out simple, routine, repetitive tasks and instructions. [Plaintiff] is able to maintain attention and concentration on simple, routine tasks for two-hour intervals between regularly scheduled breaks. [Plaintiff] should be in a predictable, routine

environment with seldom change. There should be no fast-paced production rate work. There should be no more than simple judgment or decision-making. [Plaintiff] can have no public interaction. [Plaintiff] can have brief superficial interaction with coworkers and supervisors, which is defined as non-collaborative and no teamwork. [Plaintiff] should deal with things rather than people. Finally, there should be no over the shoulder supervision.

Tr. 20.

At step four, the ALJ found Plaintiff was not capable of performing past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as industrial cleaner, laundry worker II, and office cleaner I. Tr. 25-26. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 26, 2016 through March 23, 2018, the date of the ALJ's decision. Tr. 26.

On November 14, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

2. Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 12 at 13.

## DISCUSSION

### A. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit his symptom testimony. ECF No. 12 at 14-16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20

C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 21.

### 1. *Inconsistent with Medical Evidence*

The ALJ found Plaintiff's symptom complaints were inconsistent with the medical evidence in the record. Tr. 22. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2). Mental status examinations are objective measures of an individual's mental health. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Here, the ALJ noted that despite Plaintiff's allegations that he was limited in his ability to concentrate and persist, the evidence showed Plaintiff could complete tasks at a persistent pace. Tr. 22; *compare* Tr. 213 (Plaintiff alleged limitations in memory, completing tasks, concentration, and understanding) *with* Tr. 345 (mental status examination showed ability to complete three-step task with good pace and attention, concentration, and intellectual ability within normal limits). Additionally, although Plaintiff reported limitations from anxiety and depression, the ALJ observed Plaintiff regularly exhibited normal mood and affect and reported doing well. Tr. 22; *see* Tr. 352 (normal mental status examination); Tr. 359 (same); Tr. 362 (same); Tr. 438 (same); Tr. 442 (same). The ALJ reasonably concluded that Plaintiff's symptom testimony was inconsistent with the medical evidence. Tr. 22.

Plaintiff does not challenge the ALJ's specific findings about the medical evidence. Instead, Plaintiff appears to challenge the ALJ's conclusion generally by summarizing the amount of weight the ALJ gave to each medical opinion in the record. ECF No. 12 at 14-15. Plaintiff develops no actual argument as to how the ALJ erred or how the ALJ's findings were unsupported. *Id.* The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.

1994)).  Rather, the Court will "review only issues which are argued specifically and distinctly."  *Indep. Towers*, 350 F.3d at 929.  When a claim of error is not argued and explained, the argument is waived.  *Id.* at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of assessment").  Here, because Plaintiff fails to develop any argument in support of his challenge to the ALJ's findings, argument is waived.

  *2. Daily Activities*

The ALJ found Plaintiff's symptom complaints were inconsistent with the evidence of Plaintiff's daily activities.  Tr. 22.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when

activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

Here, the ALJ observed Plaintiff reported no limitation in self-care activities and was able to perform household chores, drive, and shop. Tr. 19, 22; *see* Tr. 64-65, 209-12. The ALJ reasonably concluded that Plaintiff's ability to perform these activities was inconsistent with the significant limitations he alleged. Tr. 22. Although Plaintiff challenges the ALJ's finding by arguing that these activities do not encompass the waxing and waning of Plaintiff's mental health symptoms, Plaintiff points to no evidence in the record to support his argument. ECF No. 12 at 15-16. The ALJ's finding is supported by substantial evidence.

*3. Seeking Employment*

The ALJ found Plaintiff's symptom complaints were inconsistent with his activities seeking employment during the relevant period. Tr. 22. An ALJ may consider a claimant's activities seeking employment as evidence that is inconsistent with alleged limitations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (approving of ALJ's rejection of Plaintiff's symptom testimony in part because Plaintiff sought work during period of alleged disability); *see also Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). Here, the ALJ noted that Plaintiff reported looking for work or being interested in looking for work throughout the relevant period. Tr. 22; *see* Tr. 355 (Plaintiff reported

going to the library a couple of times per week to look for work); Tr. 389 (Plaintiff expressed interest in taking action to find employment and was considering working as a delivery driver, or at a cannabis retailer); Tr. 394 (Plaintiff reported putting effort into job applications). The ALJ reasonably concluded that Plaintiff's activities seeking employment were inconsistent with his alleged inability to work. Tr. 22. This finding is supported by substantial evidence.

### B. Medical Evidence

Plaintiff challenges the ALJ's consideration of the opinions of John Colson, MA, ABS, and Thomas Nolte, MD. ECF No. 12 at 16-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

*1. Mr. Colson*

Mr. Colson evaluated Plaintiff on June 29, 2014, and opined Plaintiff should maintain employment, that boredom is an apparent dynamic risk factor for Plaintiff's sexual addiction, and recommended Plaintiff pursue sex deviance therapy. Tr. 319. The ALJ gave this opinion some weight. Tr. 24. As a counselor, Mr. Colson is not an acceptable medical source. 20 C.F.R. § 416.902. Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462,

1467 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). An ALJ is required to provide germane reasons to discount other source opinions. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ gave Mr. Colson's opinion less weight because his opinion was rendered prior to Plaintiff's alleged onset date. Tr. 24. Evidence from before the alleged onset date are of limited relevance to the ALJ's disability determination. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). This was a germane reason to give Mr. Colson's opinion less weight.

Plaintiff appears to challenge the ALJ's finding but does not provide any legal analysis as to how the ALJ erred, much less offer evidence in support of his argument. ECF No. 12 at 17. Instead, Plaintiff merely restates the ALJ's finding under a heading alleging error in the ALJ's evaluation of the medical evidence. *Id.* Plaintiff fails to argue or explain the substance of his challenge. *Indep. Towers*, 350 F.3d at 929-30. It is not enough to address the issue in a perfunctory manner, "leaving the court to … put flesh on its bones" through a discussion of the applicable law and facts in the record. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). In failing to develop any argument on this issue, Plaintiff has waived challenge to Mr. Colson's opinion.

### 2. Dr. Nolte

Dr. Nolte treated Plaintiff during Plaintiff's 2013 hospitalization at Kootenai Medical Center. Tr. 409-30. Plaintiff alleges the ALJ erred by failing to consider Dr. Nolte's "opinion." ECF No. 12 at 17-18. However, while the record contains Dr. Nolte's treatment notes, it does not contain an opinion from Dr. Nolte. Treatment notes, in general, do not constitute medical opinions. *See* 20 C.F.R. § 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). The Ninth Circuit has found no error in ALJ decisions that do not weigh statements within medical records when those records do not reflect physical or mental limitations or otherwise provide information about the ability to work. *See, e.g.*, *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (recognizing that when a physician's report did not assign any specific limitations or opinions regarding the claimant's ability to work, "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions."). Here, because Dr. Nolte's treatment notes do not document opinions on Plaintiff's functional limitations, there is no opinion

evidence for the ALJ to review. The ALJ did not err in failing to assign a specific level of weight to Dr. Nolte's treatment notes.

*3. Other Challenges*

Plaintiff asserts generally that the ALJ erred in crediting the opinion of non-examining physicians' opinions over examining physicians' opinions. ECF No. 12 at 17. Plaintiff argues that the non-examining physicians' opinions are inconsistent with the treatment records and the opinions of the examining physicians. *Id.* at 18. However, Plaintiff fails to even identify which specific physicians' opinions he refers to, let alone cite any evidence in support of his argument that the credited opinions are inconsistent with the medical evidence. *Id.* The court "cannot 'manufacture arguments for an appellant.'" *Indep. Towers*, 350 F.3d at 929 (citing *Greenwood*, 28 F.3d at 977). By failing to argue any specific error on the ALJ's part, Plaintiff's challenge to the medical opinion evidence is merely an argument to reinterpret the evidence in his favor. The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Plaintiff's generalized assertion of error does not provide grounds for relief.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**ECF No. 12**) is **DENIED**.

2. Defendant's Motion for Summary Judgment (**ECF No. 13**) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

**DATED** December 5, 2019.



THOMAS O. RICE
Chief United States District Judge